José C. Morales-Pérez, Appellant, v. Registrar of Property of San Germán, Respondent.

No. 642. Submitted May 28, 1926.—Decided July 29, 1926.

Ricardo del Toro Soler for the appellant. The respondent appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Upon presentation in the Registry of Property of San Germán of public deed No. 1 for the partition of inheritance executed at Cabo Rojo, P. R., on January 12, 1926, before notary public Ricardo del Toro, the registrar recorded it in part and refused to record it—

"with respect to the portion adjudicated in said properties to the same heir by testate inheritance from his father, Claudio Morales Velazco, for the reason that the will left by his ancestor and literally copied into the deed as its basis contains a latent defect in that the attesting notary failed to set forth in the said will the important formality that the witnesses to the said will assured themselves that the testator had legal capacity to make a will, as clearly required

by section 693 of the Civil Code, the nullity of which, in the absence of such an important formality, is prescribed by section 695 of the said code.''

Section 693 of the Civil Code cited by the registrar reads in part as follows:

''The notary and two of the witnesses who authenticate the will must be acquainted with the testator, and should they not know him he shall be identified by two witnesses who are acquainted with him and are known to the notary and to the attesting witnesses. The notary and the witnesses shall also assure themselves that in their opinion the testator has the legal capacity required to make a will.''

Let us examine the document in question to ascertain whether or not the transcribed statute has been complied with. At the beginning the notary says:

''Now comes before me Claudio Morales y Velazco, seventy years of age, farmer, land-owner, widower and resident of this municipality. I certify to my personal acquaintance with him and, by his own statements regarding his age, civil status, occupation and domicile, he assures me that he is in the full enjoyment of his civil rights and he has, in my judgment, the legal capacity necessary to make a will, inasmuch as he is in good health and speaks in a voice perfectly intelligible, and his intelligence is clear and alert.''

It is a simple case. The testator was married to Carmen Pérez y Montalvo, of which marriage only two sons were born, José Nicolás and José Ciriaco Morales y Pérez, who were living and of lawful age when their father made the will and distributed his properties as follows: He bequeathed one-fifth of them to the five children of María Luisa Correa and the other four-fifths in equal shares to his said sons José Nicolás and José Ciriaco. The witnesses to the will were Eladio Vega y Soltero, Gonzalo García y Marini and José Jiménez y Font. And the notary finally stated:

''They all say that they see, know, hear and understand the testator; that they heard from his mouth his conformity with the foregoing testamentary provisions, and they sign with him. To all of which, as well as to my acquaintance with the witnesses hereinbefore

mentioned, and to the fact that all of the provisions of the Civil Code in force with respect to open wills have been complied with, I, the notary, do hereby certify.''

There is no doubt that all difficulty would have been avoided if the notary had expressed himself with regard to the witnesses and to their assurance as to the capacity of the testator in the same manner as he did in speaking of himself. There is a form, which appears in volume 2, page 857, of Fernández' Treatise on notarial offices, which reads: ''In my judgment, *corroborated by that of the witnesses,* Eleuteria performs this act while in the possession of her mental faculties, without compulsion, deceit, fraud or any other cause of nullity, and has legal capacity to make a will. Wherefore, in the presence of the witnesses who see, hear and understand her perfectly, she begins to express her last will, and I, the notary, to put it in writing in the following clauses, to wit:'' (Italics ours.)

But we do not agree with the registrar that the omission noted voids the will. The law does not require that it be expressly set forth in the will that the recommendation it makes with respect to the witnesses has been complied with, and the manner in which it was done and not being required by the law, it is sufficient if the notary certify, as he did in this case, that ''all the requirements of the Civil Code with respect to open wills'' were complied with.

The question is not a new one. It has been decided impliedly on several occasions by the Supreme Court of Spain (decision of February 25, 1881, 45 *J. C.* 353); by the General Directorate of Registries of Spain (decision of May 26, 1899); by the Supreme Court of Cuba (decision of February 21, 1903, 17 Civil Jurisprudence, Cuba, 445), and by this Supreme Court of Porto Rico in the case of *Bardeguez* v. *Registrar,* 27 P.R.R. 200.

It would seem pertinent to the question to transcribe here one of the findings on which the decision of the Supreme Court of Cuba is based. It reads as follows:

"Whereas, on considering the provision of article 685 of the Civil Code that the notary and two of the witnesses to the will must be acquainted with the testator, and if they should not know him, he shall be identified by two witnesses who may know him and who are known to the notary and the instrumental witnesses, it is at once observed that it is not prescribed in said statute that it is obligatory upon the notary authenticating the will to set forth expressly or especially, that is by certifying thereto, that two of the witnesses are acquainted with the testator, and it may be asserted, taking into consideration the letter of said article, that from the moment it came to ascertaining the faculty of the testator to make an open will, and the notary did not proceed to identify the person of the testator by two witnesses who knew him and were in turn known by the notary and by the instrumental witnesses, it is logical to understand, presume and accept as certain and true that two of the attesting witnesses of said will were acquainted with the testator; it being, on the other hand, an undeniable fact that it is somewhat dangerous to subject to an exaggerating criterion of strict adherence to formality the validity or nullity of wills, on the ground that an omission. has been made of something that the law, by its letter, does not expressly provide should be stated. The fact should not be lost sight of that besides the notary certifying in the will in question to his being acquainted with the testator and witnesses, and assuring himself at the same time that all of the prescriptions of the law had been complied with, whenever in the Code the legislator wished that some requisite be complied with in reference to wills he orders it expressly, as may be seen from articles six hundred and eighty-six, six hundred and ninety-five and six hundred and ninety-nine."

The decision appealed from should be reversed.